HAMITER, Justice
(dissenting).
A firmly established and universally recognized rule of evidence (to quote Wig-more on Evidence, Third Edition, Volume VIII, Section 2374, page 751 et seq.) is:
“A genuine privilege for communications, on the fundamental principle of privilege (ante, Sec. 2285), must be recpgnized for the communications made by informers to the Government; because such communica *260 tions ought to receive encouragement, and because that confidence whicji will lead to such communications can be created only by holding out exemption from a compulsory disclosure of the informant’s identity:
* * * * * *
“This privilege is well established and its soundness cannot be questioned.
“But it is subject to certain limitations, inherent in its logic and its policy:
“(1) The privilege applies only to the identity of the informant, not to the contents of his statement as such, for, by hypothesis, the contents of the communication are to be used and published in the course of prosecution.
* * * * * *
“(3) The privilege applies to communications to such officers only as have a responsibility or duty to investigate or to prevent public wrongs, and not to officials in general. This ordinarily signifies the police, and officials of criminal justice generally.
“But it may also include administrative officials having a duty of inspection or of law-enforcement in their particular spheres. The truth is that the principle is a large and flexible one; it applies wherever the situation is one where without this encouragement the citizens who have special information of a violation of law might be deterred otherwise from voluntarily reporting it to the appropriate official.”
In his reasons for judgment the' trial judge acknowledged the existence and force of this well known rule, he having quoted the greater part of it. Then, he observed: “Applying the foregoing principles to the case at bar, in order for defendant to sustain his claim of privilege, it must be shown that he was one of the class of ‘officers’ who ‘have a duty to investigate or to prevent public wrongs’ And, as Mr. Wigmore says, this ‘ordinarily signifies the police, and officials of criminal justice generally.’ ”
Later, in his reasons lor judgment, the trial judge said: “Ordinarily, those ‘officers’ who ‘have a duty to investigate or to prevent public wrongs,’ are also known as ‘peace officers’.” And the judge concluded: “ * * * Defendant was an employee and not a ‘peace officer,’ and for that reason, could not claim the privilege accorded a ‘peace officer.’ ”
Relator, in my opinion, was an official who had a responsibility to investigate certain alleged public wrongs and a particular duty with respect to law-enforcement in the City of New Orleans, this within the contemplation and intendment of the mentioned rule of evidence. Therefore, he was entitled to claim the “genuine privilege”, afforded by such rule,, for the communications made by confidential informers to him in the capacity of a duly *262 constituted government law-enfordement investigator.
With reference to such status the Commission Council of the City of New- Orleans, on April 24, 1953, and pursuant to Ordinance 18,531 C.C.S., appointed a Speial Citizens’ Investigating Committee (S.C. I.C.), granted it general authority to investigate the police department of that municipality, and authorized’ it to employ investigative personnel for such purpose. Thereafter, S.C.I.C. employed relator as executive director and chief investigator; it clothed him with all of its investigative duties and powers; and it gave approval to his use of confidential investigators or informers, directing that “their identities must not be disclosed unless failure to do so would critically hamper the work and objectives of this Committee.” (Italics mine.)
True, the ordinance creating S.C.I.C. stated that reports of the Committee “shall first be delivered to the Orleans Parish Grand Jury through its Foreman for such action as that body shall consider proper.” But there is nothing in this provision (with which S.C.I.C. complied), or in any other provisions of the ordinance, that is destructive of or antagonistic to the privilege protecting the confidential relationships created by relator in his law-enforcement investigations with the complete approval of the municipal government’s official committee.
I respectfully dissent.